# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RIGHTCHOICE MANAGED CARE, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 5:18-cv-06037-DGK |
| HOSPITAL PARTNERS INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## DEFENDANT DAVID BYRNS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DAVID BYRNS

COMES NOW Defendant David Byrns ("Defendant"), by counsel, and submits the following response to Plaintiffs' Motion for Partial Summary Judgment.

## INTRODUCTION

Mr. Byrns does not oppose the relief sought in Plaintiffs' Motion for Partial Summary Judgment. As the Court is aware, on September 26, 2019, Mr. Byrns appeared before this Court, waived indictment, and consented to the filing of an information charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, for the conduct which is the basis of Plaintiffs' claims against him in the case at bar. Mr. Byrns further consented to the transfer of his criminal case to the Middle District of Florida in order to waive trial and enter a plea of guilty to the offense charged. By his guilty plea entered October 29, 2019, Mr. Byrns accepted responsibility for his actions, and agreed to liquidate (and did in fact liquidate) substantial assets to begin the process of paying Plaintiffs for their losses.

Therefore, as further evidence of his acceptance of responsibility, Mr. Byrns consents to the entry of an order granting summary judgment against him in the amount requested by

1

Plaintiffs - $88,609,000. Mr. Byrns asks, however, that the Court include a provision in its final order which requires the judgment to be reduced *pro tanto,* crediting any amount recovered by Plaintiffs as the result of (a) any restoration to Plaintiffs of property forfeited from Mr. Byrns in his related criminal case; or (b) any amounts paid to Plaintiffs under any order of restitution in his related criminal case. Mr. Byrns also asks that the Court make clear in its order that Plaintiffs are not entitled to double recovery for the same loss through both the civil judgment entered in this case and any restoration of forfeited property or restitution order entered in Mr. Byrns' related criminal case.

**RESPONSE TO PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS**

Mr. Byrns does not controvert Plaintiffs' Statement of Uncontroverted Facts.

**STATEMENT OF ADDITIONAL UNCONTROVERTED FACTS**

1. On September 26, 2019, Mr. Byrns appeared before the Chief Magistrate Judge in the United States District Court for the Western District of Missouri, waived his right to prosecution by indictment, and consented to prosecution by information. (Johnston Decl. Ex. 1).[1]

2. The United States Attorney filed a single-count information against Mr. Byrns on September 26, 2019, charging him with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. The information included an allegation of criminal forfeiture. (Johnston Decl. Ex. 2). The facts set forth in the information arise out of the same common nucleus of operative facts underlying Plaintiffs' claims in the case at bar. *Id*.

---

[1] References to Exhibits are to those attached to the Declaration of J. Justin Johnston, filed concurrently herewith.

2

3. Under Fed. R. Crim. P. 20, Mr. Byrns consented to transfer of his criminal case to the United States District Court for the Middle District of Florida, in order to waive trial and enter a plea of guilty to the offense charged in the information. (Johnston Decl. Ex. 3).

4. On October 29, 2019, Mr. Byrns pleaded guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. (Johnston Decl. Ex. 4).

5. In his Plea Agreement, Mr. Byrns agreed to forfeit to the United States "immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture…" *Id*. at p. 9. Specifically, but without limitation, Mr. Byrns agreed to forfeit:

   a. David L. Byrns & spouse's Revocable Trust Yield Pledge Money Mark Account located at TIAA Bank, Account No. x3668, in the amount of approximately $1,846,038.89;

   b. David L. Byrns & spouse's Revocable Trust Yield Pledge Checking Account located at TIAA Bank, Account No. x2911, in the amount of approximately $94,694.98;

   c. Real property located at 4451 NE 27 Avenue, Lighthouse Point, Florida….

   d. Real property located at 2611 NE 52 Court, Lighthouse Point, Florida….

   e. Real property located at 1681 SE 4 Court, Deerfield Beach, Florida….

   f. Real property located at 1410 SE 14 Avenue, Deerfield Beach, Florida….

*Id*. at p. 10.

6. Mr. Byrns' Plea Agreement also states:

   Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. However, pursuant to 21 U.S.C. 853(i), the Attorney General of the United States is authorized to restore forfeited property to certain victims of federal crimes. The Attorney General has delegated his authority to the Chief of the Money Laundering and Asset Recovery Section,

> United States Department of Justice (MLARS) and the granting or denial of restoration requests rests solely within the discretion of MLARS. The determination of whether a victim may receive restoration is governed by the regulations found in 28 C.F.R. § 9.8(b). If the requirements of 28 C.F.R. 9.8 are met and appropriate internal approvals are obtained, the United States will recommend to MLARS that property forfeited in this case be restored to victims.

*Id*. at p. 14.

7. Mr. Byrns also agreed that he is "jointly and severally liable to make restitution to all victims of the offense, including but not limited to the following entities in the following amounts: RIGHT Choice Managed Care, Inc. $89,531,893…." *Id*. at p. 16.

8. Over the next several months, as a result of liquidation of Mr. Byrns' assets, various deposits were made into the Seized Asset Deposit Fund (SADF) in the following amounts:

   a. $1,854,802.03 from TIAA Bank;
   
   b. $94,863.58 from TIAA Bank;
   
   c. $547,821.83 from sale of real property at 4451 NE 27 Ave, Lighthouse Pt., FL;
   
   d. $406,899.87 from sale of real property at 1681 SW 14 Court, Deerfield Beach, FL;
   
   e. $416,886.35 from sale of real property at 2611 NE 52nd Ct., Lighthouse Point, FL;
   
   f. $456,342.89 from sale of real property at 1410 SE 14 Ave, Deerfield Beach, FL.

(Johnston Decl. Ex. 5).

9. Mr. Byrns' sentencing has been postponed, to be reset upon further order of the Court. (Johnston Decl. Ex. 6).

## ARGUMENT

Mr. Byrns asks this Court, in entering the order for summary judgment requested by Plaintiffs, to simply honor the principle recognized by the Eighth Circuit that "even victims of fraud are not entitled to double recovery for the same loss through both a restitution order and a

civil judgment…" *United States v. Manzer*, 69 F.3d 222, 230 (8th Cir. 1995). *See also United States v. Ruff*, 420 F.3d 772, 775 (8th Cir. 2005); *United States v. Gaultier*, 727 F.2d 711, 716 (8th Cir. 1984). This principle is also embodied in the Mandatory Victims Restitution Act (MVRA) provision requiring "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in… any Federal civil proceeding." 18 U.S.C. § 3664(j)(2).

Here, Mr. Byrns is requesting the converse remedy – that this Court state in its order granting summary judgment that any amount paid to Plaintiffs as the result of (a) any restoration to Plaintiffs of property forfeited from Mr. Byrns in his related criminal case; or (b) any order of restitution in his related criminal case, result in a *pro tanto* reduction to the judgment in this civil case. This request finds support by analogy in cases in which courts have ordered that SEC civil disgorgement orders should be reduced by any amount already paid in criminal restitution. *See S.E.C. v. McCaskey*, 2002 U.S. Dist. LEXIS 4915, 2002 WL 85001, at *14 (S.D.N.Y. Mar. 26, 2002) (citing *S.E.C. v. Palmisano*, 135 F.3d 860, 863-64 (2d Cir. 1998) (ordering that to the extent an individual "pays or has paid restitution as ordered in the criminal judgment, such payments will offset his disgorgement obligation" under a civil judgment.). Indeed, in *Palmisano*, the Second Circuit wrote:

> The present judgment does not indicate how the disgorgement ordered is to be affected by Palmisano's payment of the restitution ordered in the criminal proceeding, which raises the possibility that the total amount that Palmisano is to pay in disgorgement and restitution could exceed his unlawful gains. The SEC, in its brief on this appeal, has conceded that payments by Palmisano to his victims pursuant to the restitution order in the criminal case should be credited toward the disgorgement ordered here…. We conclude that that acknowledged limitation should be specified in the present judgment. Accordingly, we modify the judgment to provide that to the extent that Palmisano pays or has paid restitution as ordered in the criminal judgment, such payments will offset his disgorgement obligation under the present judgment.

*Palmisano*, 135 F.3d at 863-64.

Here, the uncontroverted facts show that Mr. Byrns has already voluntarily liquidated property totaling $3,777,616.55, and agreed to have that sum paid into the SADF. (Statement of Additional Uncontroverted Material Facts ("SAUMF") at 8). While there is no final judgment yet entered in his criminal case, Mr. Byrns' plea agreement contemplates that if the requirements of 28 C.F.R. 9.8 are met and appropriate internal approvals are obtained, the United States will recommend to MLARS that property forfeited in this case be restored to victims, including Plaintiffs. (SAUMF at 6). Moreover, Mr. Byrns has agreed – and under the MVRA, the sentencing court must order – that he will pay restitution to Plaintiffs in the amount of $89,531,893. (SAUMF at 7).

Mr. Byrns respectfully submits, based on the authority cited herein and general principles of fairness, that if any of the amounts deposited into the SADF after liquidation of his assets are later paid to Plaintiffs by way of restoration, or if he makes other payments to Plaintiffs by way of any restitution order entered in his criminal case, then the order granting summary judgment in this case should reflect that such amounts should be credited toward the judgment entered in this civil case.

## CONCLUSION

For the foregoing reasons, Mr. Byrns respectfully requests that the Court include a provision in its order which requires the judgment to be reduced *pro tanto,* crediting any amount recovered by Plaintiffs as the result of (a) any restoration to Plaintiffs of property forfeited from Mr. Byrns in his related criminal case; or (b) any amounts paid to Plaintiffs under any order of restitution in his related criminal case. Mr. Byrns also asks that the Court make clear in its order that Plaintiffs are not entitled to double recovery for the same loss through both the civil

judgment entered in this case and any restitution order entered in Mr. Byrns' related criminal case.

Respectfully submitted:

**JOHNSTON LAW FIRM LLC**

By: <u>/s/ J. Justin Johnston</u>
J. Justin Johnston    KS# 20101
811 Grand Blvd., #101
Kansas City, MO 64106
Tel: (816) 739-4538
Fax:   (816) 421-5403
jjj@johnstonlawkc.com

*ATTORNEY FOR DEFENDANT*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 12th day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system for electronic delivery to all counsel of record.

<u>/s/ J. Justin Johnston</u>
***Attorney for Defendant***