UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:19-cr-166-TJC-LLL

DAVID BYRNS

**UNITED STATES' MOTION FOR
DOWNWARD DEPARTURE BASED UPON
<u>SUBSTANTIAL ASSISTANCE</u>**

Pursuant to the provisions of Section 5K1.1 of the United States Sentencing Guidelines, the United States moves this Court to grant an 8-level reduction in defendant David Byrns' offense level, and in support thereof states as follows:

1. On October 29, 2019, David Byrns entered a guilty plea with a cooperation plea agreement to a one count Information charging conspiracy to commit health care fraud. Byrns faces a maximum penalty of 10 years of imprisonment. His current advisory guidelines range is Criminal History Category (CHC) I, Total Offense Level (TOL) 27 (70 – 87 months of imprisonment).

2. Byrns proffered and pled guilty over four years ago. He voluntarily turned over documents, many of which the Government used during the grand jury investigation and both trials. Byrns testified before the

grand jury, and testified during both trials in 2022 and 2023. His testimony as to the background of the alleged scheme and the portion of the case that pertained to Putnam County Memorial Hospital was credible and forthright. His testimony assisted in establishing that Putnam had no functioning lab for a substantial period of time, which necessarily meant it was serving only as a billing hub to capture the hospital's in-network rates. Byrns' cooperation substantially assisted in investigating and prosecuting that portion of the overall Jorge Perez, et al., case.

3. There is over $79 million dollars of loss attributed to Putnam due to Empower HIS (the billing company owned by Jorge and Ricardo Perez) billing insurance companies for definitive urine drug testing that was never performed at Putnam. Empower HIS billed in this manner to take advantage of the higher in network reimbursement rates of Putnam.

4. As such, the government moves for an 8-level reduction in the advisory guidelines range. If the downward departure motion is granted, the 8-level reduction would reduce Byrns' current advisory guidelines range from CHC I, TOL 27 (70 – 87 months of

imprisonment), to CHC I, TOL 19 (30 – 37 months of imprisonment).

## MEMORANDUM OF LAW

The Court, on motion of the government, may reduce a defendant's sentence to reflect a defendant's substantial assistance. USSG §5K1.1. Here, David Byrns provided the cooperation set forth, most notably trial testimony during both lengthy trials in 2022 and 2023. The cooperation provided rose to the level of substantial assistance. It furthered the Government's investigation and overall trial presentations. The United States believes that, because of his efforts on behalf of the United States, defendant David Byrns should receive an 8-level reduction in his offense level for his assistance.

## CONCLUSION

For the foregoing reasons, this Court should grant the government's motion for downward departure of defendant's sentence.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  /s/ Tysen Duva
TYSEN DUVA
Assistant United States Attorney
Florida Bar No. 0603511
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:  (904) 301-6300

        E-mail:  Tysen.Duva@usdoj.gov

GLENN S. LEON
CHIEF

CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By:  */s/ Gary A. Winters*
JAMES V. HAYES
FL Bar # A5501717
Senior Litigation Counsel
GARY A. WINTERS
FL Bar # A5501852
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
Tel: (202) 598-2382
Email: Gary.Winters@usdoj.gov
      James.Hayes@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Justin Johnston, Esquire (Counsel for David Byrns)

Jesse Dreicer, Esquire (Counsel for David Byrns)

      *s/ Tysen Duva*
      Tysen Duva
      Assistant United States Attorney